UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JOE NATHAN TUBBS | CIVIL ACTION NO. 5:70-cv-15402 |
|     LA. DOC #68556 | |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| WARDEN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Joe Nathan Tubbs, an inmate in the custody of Louisiana's Department of Corrections, filed the instant *pro se* "Motion for Reconsideration" [Doc. 3] and "Motion for Appeal" [Doc. 2] on July 16, 2013. In these pleadings, Tubbs seeks either relief from, or an appeal of, the Court's 1970 ruling denying his first petition for writ of *habeas corpus* which was an attack on his 1969 aggravated rape conviction in Louisiana's First Judicial District Court, Caddo Parish.

The motions were referred to the undersigned for review, report, and recommendation pursuant to the standing orders of the Court and the provisions of 28 U.S.C. §636. For the following reasons it is recommended that both motions be **DENIED**.

*Background*

Tubbs was indicted and charged with aggravated rape sometime in the late 1960's. At that time, aggravated rape was a capital offense. On May 22, 1969, he pled guilty with the agreement that he would be sentenced to life imprisonment. Tubbs eventually filed the first of several petitions for writ of *habeas corpus* in this Court raising claims of ineffective assistance of counsel and involuntary guilty plea. On September 1, 1970, Chief Judge Ben C. Dawkins, Jr., having examined the State court record, dismissed the petition on the merits, having determined

that the plea was indeed voluntary and that counsel was effective. [See Doc. 3-3, pp. 32-36] Thereafter, Tubbs unsuccessfully attempted numerous collateral attacks of that conviction in the Louisiana Courts, in this Court, in the United States Fifth Circuit Court of Appeals, and in the United States Supreme Court.[1] His motions for leave to file second or successive *habeas corpus* petitions following the dismissal of his original *habeas* petition were denied by the Fifth Circuit Court of Appeals. Tubbs' subsequent attempts to obtain permission to file successive petitions were deemed frivolous and resulted in the imposition of sanctions. *In re: Tubbs*, 00-30566 (5th Cir. 2000); *In re: Tubbs*, 02-31177 (5th Cir. 2003) [*See* 5:00-mc-00002]

The instant "Motion for Reconsideration" seeks relief pursuant to FRCP Rules 58 and 60(b)(2) and relies upon the Supreme Court's holding in *Gonzalez v. Crosby*, 545 U.S. 524, 125

---

[1] *See State ex rel. Tubbs v. Henderson*, 229 So.2d 111 (La. 1969); *State ex rel. Tubbs v. Henderson*, 288 So.2d 643 (La. 1974); *Tubbs v. Henderson*, 420 U.S. 972 (1975); *Tubbs v. Henderson*, 422 U.S. 1006 (1975); *State ex rel. Tubbs v. Henderson*, 318 So.2d 42 (La. 1975); *Tubbs v. Henderson*, 423 U.S. 1023 (1975); *State ex rel. Tubbs v. Maggio*, 333 So.2d 244 (1976); *State ex rel. Tubbs v. Phelps*, 336 So.2d 872 (La. 1976); *Tubbs v. Maggio*, 429 U.S. 959 (1976); *State ex rel. Tubbs v. Blackburn*, 363 So.2d 922 (La. 1978); *Walls v. Tubbs*, 441 U.S. 960 (1979); *Tubbs v. Blackburn*, 442 U.S. 920 (1979); *State ex rel. Tubbs v. Blackburn*, 380 So.2d 83 (La. 1980); *Tubbs v. Maggio*, 456 U.S. 1204 (1983); *State ex rel. Tubbs v. Maggio*, 427 So.2d 1204 (La. 1983); *State ex rel. Tubbs v. Maggio*, 464 So.2d 306 (La. 1985); *Tubbs v. Butler*, 488 U.S. 971 (1988); *State ex rel. Tubbs v. Butler*, 546 So.2d 171 (La. 1989); *State ex rel. Tubbs v. First Judicial District Court*, 559 So.2d 118 (La. 1990); *State ex rel. Tubbs v. Warden, L.S.P.*, 585 So.2d 561 (La. 1991); *Tubbs v. Whitley*, 94-1467 (La. 8/23/96), 678 So.2d 24; *State ex rel. Tubbs v. State*, 99-1489 (La. 10/15/99), 748 So.2d 467; *State ex rel. Tubbs v. State*, 2001-2071 (La. 4/19/2002), 813 So.2d 423; *State ex rel. Tubbs v. State*, 2002-1775 (La. 7/31/2002), 821 So.2d 490; *State ex rel. Tubbs v. State*, 2003-1446 (La. 6/27/2003), 847 So.2d 1266; *State ex rel. Tubbs v. State*, 2004-0130 (1/7/2005), 891 So.2d 677; *State ex rel. Tubbs v. State*, 2005-1472 (La. 3/10/2006), 925 So.2d 498; *State ex rel. Tubbs v. State*, 2006-0069 (La. 6/16/2006), 929 So.2d 1280; *State ex rel. Tubbs v. State*, 2006-1143 (La. 11/22/2006), 942 So.2d 550; *In re: Tubbs*, 549 U.S. 1251 (2007); *State ex rel. Tubbs v. State*, 2008-0649 (La. 6/20/2008), 984 So.2d 5; *State ex rel. Tubbs v. State*, 2008-1982 (La. 5/15/2009), 8 So.3d 577; *In re: Tubbs*, 559 U.S. 903 (2010); *State ex rel. Tubbs v. State*, 2011-0934 (La. 3/23/2012), 84 So.3d 567; and, *State ex rel. Tubbs v. State*, 2013-0158 (La. 6/14/2013), — So.3d —, 2013 WL 3718077.

S.Ct. 2641, 162 L.Ed.2d 480 (2005) and *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012) (Ineffective assistance of post-conviction counsel may establish cause for a *habeas* petitioner's procedural default of a claim of ineffective assistance of trial counsel.)

*Law and Analysis*

*1. Motion for Appeal [Doc. 2]*

Rule 4 of the Federal Rules of Appellate Procedure provides, "... the notice of appeal ... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Tubbs' motion – filed more than 3 decades after Judge Dawkins' judgment was entered – is clearly untimely and must therefore be denied.

*2. Motion for Reconsideration [Doc. 3]*

Tubbs also seeks reconsideration of the September 1, 1970 judgment "pursuant to Federal Rule Civ. Procedure 58, 60(b)(2) and the ruling of Gonzalez v. Crosby..." [Doc. 3] Rule 58 sets forth the rules for entering judgment. Tubbs implies that the judgment of September 1, 1970 was not properly entered; however, the Docket Sheet clearly indicates that judgment was properly entered on September 1, 1970 and that Notice of Entry was provided by the Clerk of Court. Thereafter, the Docket Sheet indicates that Judge Dawkins denied a certificate of probable cause and that Notice of Entry of judgment was again provided. [Doc. 1, pp. 2-3]

Rule 60(b)(2) sets forth one of several grounds for relief from a final judgment, namely, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Rule 60(c)(1) further provides, "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than one year after the entry of the judgement or order or the date of the proceeding." Clearly, Tubbs' motion for

3

relief from judgment is also untimely.

Finally, Stubbs implies that the Supreme Court's holding in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) somehow exempts him from the time limits set forth in the Federal Rules of Civil Procedure as cited above. However, contrary to Tubbs' assertion, in *Gonzalez*, the Supreme Court held that motions for reconsideration of a judgment denying *habeas corpus* relief filed pursuant to Rule 60(b) should be considered second or successive *habeas corpus* petitions and subject to the gate-keeping requirements of 28 U.S.C. §2244. *Gonzalez* 545 U.S. at 530-31 (A motion for relief from judgment, which seeks to advance one or more substantive claims following the denial of a *habeas* petition, such as a motion seeking leave to present a claim that was omitted from *habeas* petition due to mistake or excusable neglect, <u>or seeking to present newly discovered evidence not presented in petition, or seeking relief due to a purported change in substantive law since the petition was denied, is properly classified as a "second or successive *habeas* petition," requiring authorization from Court of Appeals before filing, under of Antiterrorism and Effective Death Penalty Act (AEDPA).</u>emphasis supplied) Here, it is abundantly clear that Tubbs seeks review of his original *habeas corpus* claims of ineffective assistance of counsel and involuntary guilty plea either based upon allegedly newly discovered evidence or based upon a purported change in the law. As such, his motion must be construed as a successive petition for *habeas corpus*, and, since Tubbs has not obtained prior approval from the Fifth Circuit Court of Appeals, this motion, to the extent that it must be construed as a successive *habeas* petition must, for that reason, also be dismissed.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that Tubbs' Motion for Appeal [Doc 2] and his Motion for Relief from Judgment [Doc. 3] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In chambers, Monroe, Louisiana, August 6, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE